Sindra **KURDY**, Petitioner,

v.

Eric H. **HOLDER**, Jr., United States Attorney General, Respondent.

No. 10–5–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2010.

---

Jack Herzig, Glenside, PA, for Petitioners.

Tony West, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Colette J. Winston, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: REENA RAGGI, GERARD E. LYNCH, DENNY CHIN, Circuit Judges.

*SUMMARY ORDER*

Sindra Kurdy, a native and citizen of Indonesia, seeks review of a December 7, 2009, order of the BIA affirming the June 9, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sindra Kurdy,* No. A094 813 961 (BIA Dec. 7, 2009), *aff'g* No. A094 813 961 (Immig. Ct. N.Y. City, June 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review factual findings, including those underlying the immigration court's determination that an alien has failed to satisfy his burden of proof, under the substantial evidence standard. *Chuilu Liu v. Holder,* 575 F.3d 193, 196 (2d Cir.2009). We treat them as " 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* (Quoting 8 U.S.C. § 1252(b)(4)(B)). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Kurdy has waived any challenge he might have raised to the agency's denial of withholding of removal and CAT relief and to the agency's finding that he did not establish a pattern or practice of persecution against Chinese Christians in Indonesia. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Additionally, Kurdy failed to exhaust any challenge to the IJ's partial adverse credibility finding or to the agency's denial of CAT relief. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007).

Moreover, before this Court, Kurdy does not challenge either the IJ's adverse credibility finding regarding his testimony that he could not relocate within Indonesia, or the IJ's finding that evidence in the record of country conditions established that there are safe, predominately Christian locations in Indonesia. *See Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007) (finding petitioner failed to exhaust any challenge to the IJ's dispositive relocation determination because he failed to address it "even in passing reference"). Because Kurdy did not challenge the IJ's dispositive finding that Kurdy could safely relocate within Indonesia, we deny his petition for review. *See* 8 C.F.R. §§ 208.13(b)(1)(i)(B), 208.13(b)(2)(ii); *Steevenez,* 476 F.3d at 117–18 ("An alien's ability to relocate safely constitutes a ground, in and of itself, on which an IJ's denial of withholding of removal may be based"); *Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006).

Moreover, even assuming, as Kurdy argues, that the agency erred in its determination that Kurdy did not establish past persecution, remand would be futile because the agency reasonably concluded that internal relocation was possible. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) ("The overarching test for deeming a remand futile" is not whether "overwhelming evidence" supports the IJ's ultimate finding, but whether the reviewing court can "confidently predict" that the IJ would reach the same decision absent the errors that were made.). The IJ noted that, although Kurdy testified that there are no predominately Chinese Christian neighborhoods in Indonesia, his sister testified that their parents lived in a predominately Chinese Christian neighborhood and had not had any problems since 1998. The IJ also examined the country conditions evidence in the record and further determined that "while there are some negative incidents ... overall there are supportive facts that there are several safe locations in Indonesia that are predominately occupied by Christians." *See Santoso v. Holder,* 580 F.3d 110, 112 (2d Cir.2009) ("we may take judicial notice of the fact that Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant"). Thus, the agency reasonably concluded that Kurdy could relocate within Indonesia. *See Matter of R–,* 20 I. & N. Dec. 621, 625–26 (BIA 1992) (the requirement that an alien must be unable or unwilling to return to a particular country because of a well-founded fear of persecution requires an alien to show that the threat of persecution exists for him country-wide).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).